# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CYPRESS PROPERTY & CASUALTY INSURANCE COMPANY,**

   **Plaintiff,**

v.                  Case No: 6:18-cv-986-Orl-31GJK

**ZURICH AMERICAN INSURANCE COMPANY and FIFTH M, LLC,**

   **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Realign the Parties (Doc. 5) filed by Defendant Zurich American Insurance Company (henceforth, "Zurich") and the response in opposition (Doc. 14) filed by the Plaintiff, Cypress Property & Casualty Insurance Company ("Cypress").

### I.  Background

According to the allegations of the Complaint (Doc. 2), the Central Florida Expressway Authority ("CFX") contracted with Jorgensen Contract Services, LLC ("Jorgensen") to perform roadway maintenance services; Jorgensen subcontracted some of the work to Defendant Fifth M, LLC ("Fifth M"). (Doc. 2 at 2). The agreement between Jorgensen and Fifth M – henceforth, the "Master Subcontract Agreement" – included a clause requiring that Fifth M defend and indemnify Jorgensen in regard to any claims arising out of Fifth M's work. (Doc. 2 at 3). During the time frame at issue in this case, Fifth M was insured under a commercial general liability issued by Cypress, and Jorgensen was insured by Zurich. (Doc. 2 at 2). Cypress and Fifth M are Florida companies, while Zurich is a New York company. (Doc. 2 at 1).

In March 2016, while performing pursuant to the Master Subcontract Agreement, Fifth M is alleged to have misapplied herbicide which caused $575,000 in damage to plants alongside the Central Florida Expressway. (Doc. 2 at 2). Jorgensen paid $575,000 to CFX to cover the (alleged) damage, and Zurich reimbursed Jorgensen, receiving in return any claims Jorgensen might have against Fifth or Cypress. (Doc. 2 at 2-3). In January 2018, Zurich demanded that Cypress indemnify it for the payment it had made to Jorgensen. (Doc. 2 at 3). Cypress has refused to do so, saying its policy with Fifth did not cover the type of work Fifth was doing when it allegedly misapplied the herbicide.[1]

On April 30, 2018, Cypress filed the instant declaratory judgment action in state court against Fifth M and Zurich, seeking declarations 1) that its policy does not provide coverage for the alleged property damage; 2) that it is not required to defend Fifth against Zurich's claim for indemnification; and 3) that it is not required to indemnify Fifth for the alleged property damage. (Doc. 2 at 6). On June 22, 2018, Zurich removed the case to this Court on the basis of diversity jurisdiction, despite the fact that both the Plaintiff and Zurich's co-defendant are Florida entities. In its Notice of Removal, Zurich argues that the interests of Cypress and Fifth M are aligned, and therefore there is complete diversity between the adverse parties. (Doc. 1 at 6-7). By way of the instant motion, Zurich seeks to have the Court realign the parties, changing Fifth from a defendant to a plaintiff or, in the alternative, making Zurich the plaintiff and both of the other parties defendants. (Doc. 5 at 9).

---

[1] More particularly, Cypress contends that the CGL policy at issue excludes work performed along roads and highways. (Doc. 2 at 4)

- 2 -

## II.     Analysis

Federal courts are required to realign the parties to an action to reflect their interests in the litigation. *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012). In doing so, they are obligated to look beyond the pleadings and arrange the parties according to their sides in the dispute, as determined by "the principal purpose of the suit" and "the primary and controlling matter in dispute." *Id.* (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941)).

In its motion, Zurich argues that Cypress and Fifth M "have the same interest in obtaining a judicial finding that they do not owe any contractual obligation by virtue of the terms of the Cypress insurance policy and/or the Master Subcontract Agreement entered between Jorgensen and Fifth M." (Doc. 5 at 8). But Cypress is not a party to the Master Subcontract Agreement, and Zurich has not offered any basis for a finding that Cypress has any obligation pursuant to it. As for the Cypress insurance policy, to the extent any property damage occurred, Cypress and Fifth M would clearly have opposing interests as to whether it was covered by the policy. These conclusions are reinforced by the declarations that Cypress seeks in this case, all of which involve Cypress's potential obligations to Fifth M rather than potential obligations to Zurich, or the merits of the underlying property damage allegations.

On the other hand, Zurich and Fifth M appear to hold the same position in regard to the Cypress policy. Fifth M would prefer that Cypress be obligated to pay for its defense and, if necessary, the $575,000 damages claim, and Zurich would certainly prefer to be able to look to either Cypress or Fifth M for reimbursement, rather than just Fifth M. *See also City of Vestavia Hills*, 676 F.3d at 1314 (noting that normal alignment of parties in suit seeking declaratory

judgment of non-coverage is insurer versus insured and injured party).   Accordingly, the Court finds that the parties are properly aligned.   Accordingly, it is hereby

**ORDERED** that the Motion to Realign the Parties (Doc. 5) is **DENIED**.   In the absence of realignment, the parties are not diverse, meaning that this Court lacks subject matter jurisdiction over this dispute, and removal was improper. Accordingly, it is hereby

**ORDERED** that this matter is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.   The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 17, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party